JOURNAL ENTRY AND OPINION
A jury convicted defendant-appellant Marlon Chisholm ("defendant") of drug abuse in violation of R.C. 2925.11. On appeal, defendant argues the verdict is against the manifest weight of the evidence and the evidence was insufficient to sustain the conviction of guilt.
At trial three officers testified on behalf of plaintiff-appellee State of Ohio. The first officer to testify was Officer Rybarczyk. Rybarczyk testified he was patrolling in the area of W. 101st street "just after midnight" as a result of complaints of drug sales in the area. He said he was 200 feet away from defendant when he first saw him. Rybarczyk stated the area was well lit and he saw defendant standing on the sidewalk, leaning into the passenger window of a parked car. Rybarczyk said defendant or the car driver observed him coming and the car pulled off and defendant walked away. Officer Rybarczyk testified he stopped to inquire into defendant's business because of complaints in the area, the hour of the night, and "what he was doing in that area." Rybarczyk stated the officers approached defendant, his partner Officer Sandoval, patted him down for safety reasons and felt a long, hard narrow object in defendant's right rear pants pocket. At this point, defendant informed the officers it was not his and Sandoval pushed the object to the top of the pocket and found it to be a metal pipe. Rybarczyk said the end of the pipe was burnt out with a "chore boy-type substance stuck to the end." Rybarczyk testified Sandoval placed the pipe into a field evidence bag. Rybarczyk concluded by saying the pat down continued and a rock of crack cocaine was discovered in defendant's left coat pocket. On cross-examination, Rybarczyk stated the confiscated drugs are taken to the lab as soon as possible, usually the next day. He said the arrest occurred on Sunday and the drugs were not delivered to the lab until Wednesday.
Next, Officer Sandoval testified he was a passenger in the patrol car driven by Officer Rybarczyk on the night in question. He said he first saw defendant when defendant was 75-100 yards away. Sandoval said defendant was leaning into the car and when he saw the officers he began to walk in their direction, although he was on the other side of the street. Sandoval then corroborated Rybarczyk's testimony concerning how he patted down defendant and found the crack pipe and rock of crack. After confiscating the drugs, Sandoval said the contraband was placed in a field evidence bag and returned to the station where it was logged and placed in a safe. He described police procedures that the contraband is either transferred to the narcotics unit or the lab. Sandoval said he actually placed the pipe in the bag and sealed the bag. Sandoval stated that the third officer, Drummond, continued the pat down and discovered the rock of crack cocaine. He said Drummond placed the rock in the field evidence bag. On cross-examination, Sandoval testified the responsibility of taking the confiscated drugs to the lab is shared among the detectives in the unit and is not done by one person. He also stated he did not know when the drugs seized from defendant were taken to the lab and there is no set time for taking the drugs to the lab, just that it is done as soon as possible.
Lastly, Officer Drummond testified. He re-stated the earlier testimony about stopping defendant and patting him down. He said he searched defendant and found the rock of crack cocaine and put it in a field evidence bag and sealed it. Drummond testified the evidence was taken to the lab three days after the arrest. He said there is no standard time to get the drugs to the lab, only as soon as possible.
A fourth witness to testify for the state was Eugenia Whitt, a scientific examiner who works for the Cleveland Police Forensic Laboratory. She stated she has performed thousands of chemical analyses. Whitt testified a Detective Shaw brought the evidence to the lab on January 28, 1998. She said the evidence was received by a Detective Seaborne and a Dorothy Kitchner who then logged it into the lab's evidence book. She stated she performed testing on the pipe and the residue from the pipe tested positive for cocaine. Whitt also tested the rock and it tested positive for cocaine. On cross-examination, Whitt testified she received the evidence from Detective Seaborne and Dorothy Kitchner on January 28th.
After deliberations, the jury returned and found defendant guilty of drug abuse as charged in the indictment. The trial court then imposed a prison term of eleven (11) months to be served at the Lorain Correctional Institute. Defendant timely filed his notice of appeal and now presents two assignments of error.
In his first assignment of error, defendant states as follows:
 THE VERDICT FINDING APPELLANT GUILTY OF DRUG ABUSE IN VIOLATION OF OHIO REVISED CODE SECTION 2925.11, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant argues there was conflicting testimony by the three officers concerning what occurred after the drugs were discovered. As a result, he claims a proper chain of custody was not established and thus the weight of the evidence does not permit a conviction on the crime charged. Specifically, defendant contends not one of the officers knew who took the evidence to the lab. Therefore, he maintains there was no testimony presented which could verify whether the evidence tested at the lab was the same evidence confiscated from him.
Conducting a review based on the manifest weight standard, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. That review is tempered by the principle that weight and credibility questions are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, the power to reverse a judgment as being against the manifest weight of the evidence must be exercised with caution and only where the evidence weighs heavily against the conviction. State v. Abi-Sarkis (1988), 41 Ohio App.3d 333.
Defendant does not contest that he possessed the drugs in question. Rather he argues his conviction is against the manifest weight of the evidence because the police failed to establish a proper chain of custody as to the drug pipe and rock of cocaine. However, the record indicates to the contrary.
Officer Sandoval stated he placed the drug pipe in a field evidence bag. Officer Drummond testified he placed the rock in a field evidence bag. After arresting defendant, Sandoval said he took custody of the evidence and took it to the police station where he recorded the evidence in the log book and placed it in a safe. All three officers stated there is no procedure for taking the evidence to the lab but that it is done as soon as possible after confiscation. Although, none of the officers knew who took the evidence to the lab, this question was answered by the scientific examiner, Eugenia Whitt who stated a Detective Shaw delivered the evidence to the lab and gave it to Officer Seaborne and Dorothy Kitchner. Whitt said Seaborne and Kitchner then gave the evidence to her and she performed tests on the evidence.
Clearly, the testimony of the state's witnesss establishes a chain of custody of the evidence from the time it was confiscated from defendant until it came into possession of the scientific examiner, Whitt. As a result, we find the jury did not create a manifest miscarriage of justice and defendant's conviction must not be reversed. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error states as follows:
 THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT AGAINST THE APPELLANT ON A CHARGE OF DRUG ABUSE IN VIOLATION OF OHIO REVISED CODE 2925.11.
Defendant argues a review of the evidence shows the State of Ohio did not meet its burden in proving beyond a reasonable doubt that he knowingly obtained, possessed, or used a controlled substance. In support of this proposition, defendant complains the evidence was not tested on the scene and thus there is nothing establishing the evidence seized from him was contraband. Regarding the scientific examiner's testimony, defendant claims the people who delivered the evidence to the examiner, Seaborne and Kitchner, did not testify, thus breaking a link in the chain of custody. As a result, defendant contends the state did not prove the evidence seized from him was the same evidence tested by the scientific examiner.
The standard for determining whether evidence is sufficient is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307.
Essentially, defendant makes the same argument he made in the first assignment of error: that the State cannot prove the evidence seized from him was the same evidence tested by the scientific examiner; i.e., a broken link in the chain of custody. As shown in the first assignment of error, the police had a proper chain of custody regarding the contraband seized from defendant. The scientific examiner, Whitt, tested the evidence and it tested positive for cocaine. As to not having Seaborne and Kitchner testify thus exposing a hole in the chain of custody, these two people were merely conduits and Whitt's testimony was conclusive regarding the chain of custody after the police transferred the evidence to the lab.
Based on the foregoing, we find, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of drug abuse proven beyond a reasonable doubt. Defendant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KAZPINSKI, P.J., PATRICIA A. BLACKMON, J.,CONCUR.
 _________________________________ JOHN T. PATTON JUDGE